(46 South. 219.)

No. 16,924.

### EIGENBROD v. CUMBERLAND TELEPHONE & TELEGRAPH CO.

(April 13, 1908.)

MASTER AND SERVANT—INJURY TO EMPLOYÉ—
NEGLIGENCE.

A foreman and three workmen were sent to transfer telephone wires from a line of condemned posts to a parallel line of new posts. The workman to whom was assigned the work of climbing the old posts for detaching the wires was duly instructed by the foreman not to climb any post without having first examined it to ascertain whether it was not rotten and unsafe to be climbed. This workman was an experienced workman, and as competent as any one to make the inspection of the post. He went up a rotten post, which fell with him and killed him. The most casual inspection would have revealed the condition of the post. In a suit in damages against the telephone company for his death, held, that the company was not guilty of any negligence, and therefore is not liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 954–977.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Amelia Eigenbrod against the Cumberland Telephone & Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed, and suit dismissed.

Denègre & Blair and Victor Leovy, for appellant. John Beauregard Fisher and James R. Beckwith, for appellee.

PROVOSTY, J. Plaintiff sues in damages for the death of her son, who was a lineman in the employ of the defendant company, and who met his death from injuries received while doing some work for the defendant company. He and two other workmen and a foreman were engaged in transferring the wires of the defendant company from a condemned line of poles to a parallel line of new poles; and he had climbed one of the old poles, and had detached from it all the wires save one, when the pole fell with and upon him.

It is alleged that the defendant company should not have transferred the wires one by one directly from the old poles to the new, but should first have lowered them to the ground and then attached them to the new poles; that this direct mode of transfer was reckless and dangerous, in that the strain upon the old pole increased as each wire was detached and transferred.

This allegation has not been sought to be sustained by evidence, and has not been pressed in argument.

It is next alleged that the foreman, as representative of the defendant company, ordered the unfortunate workman to climb the pole, and did so without having first explored below the surface of the ground, or made any inspection whatever, to ascertain whether said pole was not rotten, and without having taken any steps to brace or guy said pole, although said foreman well knew that said line of poles had been in position for many years and were in an unsafe and dangerous condition.

The foreman did not "order" plaintiff's son to climb the pole. He simply assigned to the workmen their tasks, and, as happened, the duty of detaching the wires from the old poles fell to plaintiff's son. There is no dispute as to the facts. The workmen knew that the wires were being transferred because the old poles were supposed to be rotten; and they were specially instructed by the foreman, when they started on the job, that they were to examine the poles, and were not to climb those that were rotten. The pole in question was rotten through and through at the surface of the ground, and for two inches above the ground on one side and seven on the other. The slightest examination would have satisfied plaintiff's son of its condition; in fact, its not having attracted his attention must have been because the pole stood in high grass. Plaintiff's son was an experienced workman, just as competent as the foreman or any one else to ascertain and judge of the condition of the pole. Had he simply brushed the grass aside, he would have seen what the situation was, and would not have climbed—a course the foreman not only would not have disapproved, but, on the contrary, would have approved.

Under these circumstances, the defendant company was plainly guilty of no negligence, and is not liable. The work had to be done by some one, and plaintiff's son was the one employed to do it. An inspection of the poles was necessary before climbing them; but the making of this inspection was a part of the work plaintiff's son was employed to do, and he was just as competent to do it as any one.

Judgment set aside and suit dismissed.